1  Your Name:          Grégoire Gentil
2  Address:            1037 Amarillo avenue, Palo Alto, Ca 94303
3  Phone Number:       +1 646 549 7779
4  E-mail Address:     gregoire@gentil.com
5  Pro Se Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO COURTHOUSE

Grégoire Gentil
Plaintiff

vs.

Wingfield GmbH
Defendant

Case Number: 20-cv-05358-EMC
√ Plaintiff's        □ Defendant's
Case Management Statement
January 6, 2021

## PARTIES

26  1. Plaintiff.
27  Name:       Grégoire Gentil
28  Address:    1037 Amarillo avenue Palo Alto, Ca 94303

Telephone:    +1 646 549 7779

2. Defendant.
Name:      Wingfield GmbH
Address:   Oeltzenstraße 13, 30169 Hannover, Germany

## 1. JURISDICTIONS

3. This Court has subject matter jurisdiction in this case under:

√ Federal question jurisdiction because it is about federal laws or rights: Title 35 U.S. Code 271 and Title 15 U.S. Code 1125.

√ Diversity jurisdiction because none of the Plaintiffs live in the same state as any of the Defendants AND the amount of damages is more than $75,000. The Plaintiff is located in California. The Defendant is located in Germany. The amount of damages exceeds $75,000.

## 2. SERVICE

4. As explained in the Notice filed on January 6, 2021, the Defendant is currently serving the Complaint, the amended Complaint, the Summons and the Case Order, via La Hague Convention using the company "ABC Legal". German authorities have received the

documents and are processing the service but there is delay due to the COVID-19 pandemic.

## 3. FACTS (COPIED FROM THE COMPLAINT)

5. As described in the Complaint filed by the Plaintiff on August 3, 2020, the Plaintiff has developed a sports smart camera that applies to racket sports, especially tennis. The Plaintiff has filed a USPTO provisional in December 2015 and got US Patent 10,143,907 which describes in great details the system. The Paintiff has developed a product named In/Out. It's being sold in USA and internationally since 2017 (http://inout.tennis).

6. The Defendant has knowingly developed a "copycat", a similar device both in form and features (http://wingfield.io). It has started commercialization in USA in January 2020. The Defendant has knowingly infringed US Patent 10,143,907 and the Trade Dress Rights of the In/Out device.

7. The Paintiff is seeking royalties, lost profits and punitive damages.

## 4. LEGAL ISSUES (COPIED FROM THE COMPLAINT)

8. As listed in the Complaint filed by the Plaintiff on August 3, 2020, the Plaintiff accuses the Defendant of infringing claim #1 of US Patent 10,143,907 and infringes Title 35 U.S. Code 271.

9. As listed in the Complaint filed by the Plaintiff on August 3, 2020, the Plaintiff accuses the Defendant of infringing claim #2 of US Patent 10,143,907 and infringes Title 35 U.S. Code 271.

10. As listed in the Complaint filed by the Plaintiff on August 3, 2020, the Plaintiff accuses the Defendant of infringing claim #3 of US Patent 10,143,907 and infringes Title 35 U.S. Code 271.

11. As listed in the Complaint filed by the Plaintiff on August 3, 2020, the Plaintiff accuses the Defendant of infringing the Trade Dress Rights of Plaintiff's product and infringes Title 15 U.S. Code 1125.

## 4. AMENDED LEGAL ISSUES

12. As listed in the Amended Complaint filed by the Plaintiff on November 6, 2020, the Plaintiff accuses the Defendant of theft of trade secrets Title 18 U.S. Code 1832.

## 5. MOTIONS

13. The Defendant has filed a motion to dismiss on December 30, 2020.

## 6. AMENDING THE COMPLAINT, ANSWER, COUNTERCLAIM/CROSSCLAIM

14. The submitting party, the Plaintiff, Grégoire Gentil,

√ does <u>not</u> plan to amend the Complaint before the ruling of the motion to dismisss from the Defendant.

## 7. EVIDENCE PRESERVATION

15. The submitting party, the Plaintiff, Grégoire Gentil, has

√ reviewed the Guidelines for the Discovery of Electronically Stored Information

☐ spoken with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case

## 8. INITIAL DISCLOSURES

16. The Parties have not sent each other Initial Disclosures.

## 9. DISCOVERY

17. The Plaintiff is prepared to engage in the Discovery period the following: declaration on the scope of the Discovery (rule 26), depositions (rule 30), requests for production of documents (rule 34), request for admissions (rule 34).

18. The Plaintiff is also prepared to engage an international subpoena of the "incubator" LeadSports which has helped, sponsored and supported the Defendant in the elaboration of the infringing product.

## 10. CLASS ACTIONS

19. Not applicable.

## 11. RELATED CASES

20. The party submitting this statement, the Plaintiff, Grégoire Gentil

√ is not aware of any related cases.

☐ is aware of related cases.

## 12. RELIEF SOUGHT (COPIED FROM THE COMPLAINT)

21. As listed in the Complaint filed by the Plaintiff on August 3, 2020:

22. The Plaintiff is seeking royalties for infringed claim #1 of Patent 10,143,907. The Defendant is infringing title 35 U.S. Code 271.

23. The Plaintiff is seeking royalties for infringed claim #2 of Patent 10,143,907. The Defendant is infringing title 35 U.S. Code 271.

24. The Plaintiff is seeking royalties for infringed claim #3 of Patent 10,143,907. The Defendant is infringing title 35 U.S. Code 271.

25. The Plaintiff is seeking for lost profits of the licensing of claim #1 of Patent 10,143,907. The Defendant is infringing title 35 U.S. Code 271.

26. The Plaintiff is seeking for lost profits of the licensing of claim #2 of Patent 10,143,907. The Defendant is infringing title 35 U.S. Code 271.

27. The Plaintiff is seeking for lost profits of the licensing of claim #3 of Patent 10,143,907. The Defendant is infringing title 35 U.S. Code 271.

28. The Plaintiff is seeking for lost profits of the sales of In/Out devices. The Defendant is infringing title 35 U.S. Code 271 and title 15 U.S. Code 1127.

29. The Plaintiff is seeking legal compensations for filing this lawsuit.

30. The Plaintiff is seeking for reimbursement of the cost of the lawsuit, including, non exhaustively, deposition, travel, expertise and everything related to this lawsuit.

31. Because The Defendant was fully aware of the infringement of Patent 10,143,907 and the infringement of the Dress Trade Rights of the In/Out product as explained in the previous section entitled "KNOWINGLY WILLFUL INFRINGEMENTS", The Plaintiff is seeking punitive damages of five (5) millions US dollars. This amount is justified by the intentional and willful character of the infringements and the intentional unlawful behavior.

32. In addition of the existing demands for relief in the original Complaint, the Plaintiff asks for the maximum amount of five millions of dollars ($5,000,000).

## 13. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

33. The Parties:

☐ have tried to settle the case.

√ have not tried to settle the case.

34. The Plaintiff is willing to enter an ADR process and has filed on October 15, 2020 the ADR form in which the Plaintiff asks the ADR process to be discussed during the Initial Case Management.

35. The Defendant has filed an ADR form on December 30, 2020.

## 14. CONSENT TO HAVE A MAGISTRATE JUDGE HEAR THE CASE

36. The submitting party, the Plaintiff, Grégoire Gentil

√ does consent to a magistrate judge.

□ does not consent to a magistrate judge.

## 15. OTHER REFERENCES

37. Not applicable.

## 16. NARROWING OF ISSUES, CLAIMS, OR DEFENSES

38. The Defendant has initiated a procedure at the USPTO for a re-examination of US Patent 10,143,907. The USPTO has not yet responded.

# 17. EXPEDITED TRIAL PROCEDURE

39. Not applicable.

# 18. SCHEDULING

40. The submitting party, the Plaintiff, Grégoire Gentil

☐ Agree to have Court set deadlines.

√ propose the following deadlines.

41. Because the two Parties are evolving in the world of "start-up" in fast moving industries (electronics product, cloud data), The Plaintiff proposes the following deadlines:

- last day to file amendments: 30 days from the Initial Case Management date.

- last day to attend settlement discussion conference: 60 days from the Initial Case Management date.

- last day to close the facts of Discovery: 4 months from the Initial Case Management date.

- last day to close the Expert Discovery: 5 months from the Initial Case Management date.

- Pre-trial conference: 6 months from the Initial Case Management date.

- Trial: 7 months from the Initial Case Management date.

## 19. TRIAL

42.  This case will be tried

☐ by a jury. The trial is expected to last _ days.

√ by a judge. The Plaintiff will accept the length of the trial decided by the Judge.

## 20. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

43. None.

## 21. OTHER MATTERS

44. Not applicable.

45. Respectfully submitted,

46. Date: January 6, 2021         Sign Name:

Print Name:     Grégoire Gentil
                Pro se