M. Elizabeth Day (SBN 177125))
eday@feinday.com
Marc Belloli (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY KRAMER ALBERTI LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd., Suite 250
Burlingame, CA. 94010
Tel: 650 825-4300/Fax 650 460-8443

Chad E. Nydegger (admitted *pro hac vice*)
cnydegger@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Defendant* Wingfield GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGOIRE ALEXANDRE GENTIL, <br><br> Plaintiff, <br> v. <br><br> WINGFIELD GMBH, <br><br> Defendant. | CASE NO.  3:20-5358-EMC <br><br> **CMC STATEMENT OF DEFENDANT WINGFIELD GMBH** |

Pursuant to the Court's October 30, 2020 Notice Continuing Initial Case Management Conference to January 14, 2021 at 9:30 a.m. (Dkt. No. 8) and Civil Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California, and Federal Rule of Civil Procedure 26(f), counsel for Defendant Wingfield GmbH ("Wingfield") provided a draft Case Management Statement to Plaintiff Gregoire Alexandre Gentil ("Gentil") and reached out to meet and confer with him regarding a discovery plan and schedule. The attempts of Wingfield's counsel to meet and confer with *pro se* plaintiff Gentil are set forth in Declaration of Chad Nydegger in Support of Case Management Statement filed concurrently herewith. As set forth in that declaration, Wingfield was not able to confer with Gentil despite multiple attempts to do so, and, consequently, Wingfield alone submits this Case Management Statement.

### 1.     Jurisdictional Service

The basis for the Court's subject matter jurisdiction over plaintiff's claims is federal question, as the claims arise under the Patent Act, Lanham Act, and the Defend Trade Secrets Act. There are no issues concerning personal jurisdiction. To Defendant's knowledge, there are no parties left to be served.

### 2.     Facts

Gentil markets and sells the In/Out device, which is a "tennis line calling" device that makes real-time line calls during play to inform the players whether a ball landed "in" or "out" of the relevant boundaries of the tennis court. Plaintiff obtained U.S. Patent No. 10,143,907, which describes and claims the technology of the In/Out device. Wingfield also sells a video camera product used to record play on a tennis court. Defendant's product analyzes the video recorded and stores information about the location of the ball, players, etc. for training purposes, but does not make real-time line calls during play. Gentil brings claims for patent infringement, trade dress infringement, and theft of trade secrets based on Wingfield's product.

### 3.     Legal Issues at Dispute

The legal issues at dispute in this case are (1) whether Wingfield's accused product infringes claims 1 – 3 of the patent-in-suit under 35 U.S.C. § 271, (2) whether the patent-in-suit is invalid under 35 U.S.C. §§ 101, 102 and/or 103, (3) whether the In/Out product's use of two

cameras and attachment to the net post of a tennis court constitutes a protectible trade dress or are unprotectible because they are functional (*see VIP Prods. LLC v. Jack Daniel's Properties, Inc.*, 953 F.3d 1170, 1173 (2020); *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000); *Talking Rain Beverage Co., Inc. v. S. Beach Beverage Co.*, 349 F.3d 601, 603 (9th Cir. 2003)), (4) whether the technology of the publicly-sold In/Out product described in the patent-in-suit is a trade secret (*see WeRide Corp. v. Kun Huang,* 379 F. Supp.3d 834, 845-46 (N.D. Cal. 2019); 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d); *Attia v. Google, LLC,* Case No. 19-15771, 2020 WL 7380256 (9th Cir., Dec. 16, 2020); *Ultimax Cement Mfg. Co. v. CTS Cement Mfg. Co.*, 587 F.3d 1339, 1355-56 (Fed. Cir. 2009); *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1359 (C.D. Cal. 1995); *Rototron Corp. v. Lake Shore Burial Vault Co.*, 712 F.2d 1214, 1215 (7th Cir. 1983), *aff'd,* 113 F.3d 1258 (Fed. Cir. 1997)), (5) whether punitive damages under the Patent Act are limited to the damages actually found (35 U.S.C. § 284), and (6) whether punitive damages are allowed under the Lanham Act (15 U.S.C. § 1117(a)).

**4.    Prior and Pending Motions**

Wingfield filed a Motion to Dismiss Claims Pursuant to Fed. Civ. P. 12(b)(6) on December 30, 2020 (Dkt. No. 11). A Petition for Reexamination of the patent-in-suit has been filed with the U.S. Patent and Trademark Office. Wingfield anticipates filing a motion to stay this case pending resolution of the reexamination proceedings.

**5.    Amendment of Pleadings**

Wingfield is unaware of whether Gentil intends to amend the pleadings.

**6.    Evidence Preservation**

Wingfield has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

Disclosures under Fed. R. Civ. P. 26 have not yet been exchanged. Wingfield proposes that the parties serve Rule 26(a) initial disclosures on March 1, 2021.

**8.     Discovery**

No discovery has been taken to date. The scope of anticipated discovery will include discovery of Gentil's purported trade dress and trade secrets pertaining to the In/Out product, validity of the patent-in-suit, and whether Wingfield's product infringes the patent-in-suit. Wingfield will seek a protective order precluding *pro se* Plaintiff Gentil from having access to Wingfield's source code as the source code is a trade secret and Gentil is a competitor.

A.     **Discovery Taken to Date**

No discovery has yet been taken or served.

B.     **Scope of Anticipated Discovery and Subjects on Which Discovery May Be Needed**.

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above and the requested relief discussed herein, including related and subsidiary factual and legal issues and matters. The parties' claims and defenses are anticipated to require both party and potentially third-party discovery on at least the following subjects: infringement and non-infringement, validity and invalidity, and damages.

C.     **Report on Stipulated E-Discovery Order**

Wingfield has reviewed the ESI Guidelines. Wingfield hopes to be able to meet and confer with Gentil to discuss any proposed modifications to the Model Stipulation & Order re: Discovery of Electronically Stored Information for Patent Litigation available on the Court's website at https://www.cand.uscourts.gov/eDiscoveryGuidelines.

D.     **Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials**

Wingfield agrees to negotiate in a Protective Order language as to whether the parties are required to list on their privilege logs certain communications. Wingfield holds that issues regarding the inadvertent production of privilege or work product material shall be addressed as provided in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and in the Protective Order to be entered in this case.

E.   **Protective Order**

Wingfield anticipates entering into a Protective Order applicable to this case. In the meantime, the Court's form of protective order governs this action pursuant to Patent Local Rule 2-2, available at http://www.cand.uscourts.gov/model-protective-orders

F.   **Proposed Discovery Plan and Proposed Changes to the Limitations on Discovery**

Wingfield requests that the presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below.

G.   **Changes to the Timing, Form or Requirement for Initial Disclosures**

Wingfield proposes serving initial disclosures pursuant to Rule 26(a)(1)(A) by March 1, 2021 to allow the Court time to rule on the pending Motion to Dismiss Claims to narrow the scope of the initial disclosures. Wingfield does not propose any change to the form or requirement for the initial disclosures.

**9.   Related Cases**

There is a related petition for reexamination of the patent-in-suit pending before the U.S. Patent and Trademark Office.

**10.   Relief**

Gentil seeks (1) lost profits and reasonable damages, costs, "legal compensations," and punitive damages of $5,000,000 for willful patent infringement, (2) $5,000,000 punitive damages for willful trade dress infringement, and (3) $5,000,000 for theft of trade secret. Wingfield seeks to recover its costs and attorneys' fees incurred in defending against the claims.

**11.   Settlement and ADR**

Wingfield believes that the prospects for settlement of this case will be high once Gentil has a proper understanding of the legal limits for recovery under the Patent Act, Lanham Act, and Defend Trade Secrets Act. Wingfield proposes that the parties engage in a settlement conference with a magistrate judge. A decision on Wingfield's pending Motion to Dismiss Claims will facilitate resolution of this matter through ADR.

**12.  Consent to Magistrate Judge**

No.

**13.  Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.  Narrowing of Issues**

Wingfield is unaware of any issues or claims that can be narrowed through agreement.

**15.  Expedited Trial Procedure:**

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16.  Scheduling**

See Section 20 below.

**17.  Trial**

This case will be tried to a jury and is expected to last 3 days.

**18.  Disclosure of Non-party Interested Entities or Persons:**

Defendant does not have any parent corporation and does not have any owner of 10% or more of Wingfield GmbH that is publicly traded. No other parties or entities have a direct financial interest in the outcome of this case or any other kind of interest that could be substantially affected by the outcome of the proceedings.

**19.  Professional Conduct**

Counsel for Defendant has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

| Description | Deadline under Local Patent Rules | Deadline Proposed |
|---|---|---|
| Initial Disclosures | | March 1, 2021 |

| Description | Deadline under Local Patent Rules | Deadline Proposed |
|---|---|---|
| Plaintiff serves Infringement Contentions and Document Production (LPR 3-1, 3-2) | January 28, 2021 | |
| Defendant serves Invalidity Contentions and Document Production (LPR 3-3, 3-4) | March 15, 2021 | |
| Last day to amend pleadings and add parties | | March 22, 2021 |
| Exchange of proposed terms for claim Construction (LPR 4-1) | March 29, 2021 | |
| Exchange of proposed claim constructions and extrinsic evidence, including any expert reports for claim construction (LPR 4-2) | April 19, 2021 | |
| Defendant serves Damages Contentions (LPR 3-8) | May 4, 2021 | |
| Joint Claim Construction and Prehearing Statement and exchange of any expert rebuttal reports for claim construction (LPR 4-3) | May 14, 2021 | |
| Defendants serve Responsive Damages Contentions (LPR 3-9) | June 3, 2021 | |
| Completion of claim construction discovery (including depositions of any experts for claim construction) (LPR 4-4) | June 14 2021 | |
| Express Mobile files Opening Claim Construction Brief (LPR 4-5(a)) | June 28 2021 | |
| Defendants serve Responsive Claim Construction Brief (LPR 4-5(b)) | July 12, 2021 | |
| Express Mobile files Reply Claim Construction Brief (LPR 4-5(c)) | July 19, 2021 | |
| Claim Construction hearing | Court's convenience | Court's convenience |
| Case Management Conference to Set Further Deadlines (e.g., close of fact discovery, email discovery, expert discovery, summary judgment, pretrial conference, trial) | | Court's convenience after the Court's Order on claim construction |

Dated: January 7, 2020                    Respectfully Submitted,

                                          /s/ *Chad Nydegger*
                                          Chad Nydegger

                                          *Attorneys for Defendant* Wingfield GmbH